ADAMS, *administrator, versus* WARE.

A debt due to the defendant from the plaintiff jointly with others, cannot be set off in a suit at law.

Rights to a set-off in a suit, wherein an executor or administrator is a party, are the same that would have existed, if all the parties interested had continued in life.

ON EXCEPTIONS from the District Court, RICE, J.

DEBT upon a judgment recovered by the plaintiff's intestate. The defendant filed in set-off a judgment in his favor against the deceased and three other persons now living, one of whom resides in this State. The Judge ruled that the set-off should be allowed. To that ruling the plaintiff excepted.

*J. S. Abbott*, for the plaintiff.

The judgment of the defendant against plaintiff's intestate

Adams *v.* Ware.

and others, cannot be legally filed in set-off. Rev. Stat. chap. 115, sect. 33, 37.

This statute is not to be enlarged by construction. *Call* v. *Chapman,* 25 Maine, 128 ; *Smith, in equity,* v. *Ellis & als.* 29 Maine, 422.

*Hutchinson,* for the defendant.

The death of the plaintiff's intestate operated as a severance, and gave the defendant the right to claim the whole balance of his unsatisfied judgment, of the administrator of the intestate, when no decree of the Probate Court had declared the intestate insolvent, and thus subjected the defendant to a different mode of proceeding. In the case of insolvent estates, the Rev. Stat. chap. 115, sect. 39, provide for the set-off, but not for recovery of judgment for the balance. Sect. 37 and 38 of the same chapter provide for the set-off in actions by executors and administrators, of demands against their testators and intestates, existing at the time of their death. This judgment existed at the time of the death of the intestate, and might have been enforced against him alone. An action upon this judgment at the present moment might be maintained against the present plaintiff in his representative capacity, and could he not file the judgment sued in set-off ? If so, the rights must be mutual, that circuity of action may be avoided. Section 27 of the same chapter is in these words, — "No demand shall be set off, unless it is founded upon a judgment or contract ; but the contract may be either express or implied." The demand filed in set-off in the case at bar is a judgment, and therefore within the express provisions of the section last cited. Section 33 provides, " *If there are several plaintiffs, the demand set off shall be due from them all jointly ; if there are several defendants, the demand set off shall be due to them all jointly, except as is provided in the following section.*" The following section does not affect this case. In the margin of sect. 33, are cited 11 Mass. 139 ; 15 Maine, 268 ; 1 Metc. 80. The first, is an action of one party against two, and the set-off filed by one of the defendants was not allowed. The case in 15 Maine, is precisely like that in the

11th Mass., is decided upon its authority — that in the 1st Metc. is the same in principle as the last — neither is opposed to the views of the defendant in the present case. Sections 37 and 38 of the same chapter, before cited, contain the specific provisions, upon which we rely, and probably so does the plaintiff. Sect. 37 is as follows, " *In actions by executors and administrators, demands against their testators and intestates, which belonged to the defendant at the time of their death, may be set off in the same manner, as if the action had been brought by the deceased.*" Now if there had been no other defendant in the judgment filed in set-off than James Adams, no argument could be raised. Is the case now different? The death of Mr. Adams rendered the judgment filed in set-off a several judgment against him with all the rights and remedies incident thereto, among which is the important right of set-off against the claim of the intestate, prosecuted by his legal representative, otherwise the anomalous case would be presented, of single co-existing claims between the living and the representative of the dead, wherein the living must pay the dead man's representative, and lose his own debt. Such is not supposed to be the law ; nor can that be justice, which in like case gives a right to one, and denies it to another. This Court, in the case of *Call* v. *Chapman*, 25 Maine, 128, say, that set-off in this State is regulated wholly by statute. That case relates to indorsed promissory notes, and has no similarity to the case at bar. Statutes are to be construed sensibly and with a view to the object aimed at by the Legislature, which may well be supposed to have been to protect creditors from the unjust effects of compulsory payments to those who are justly indebted to them.

TENNEY, J. — Can the set-off be allowed?

Revised Statutes, chap. 115, sect. 37, provides, that " in actions by executors and administrators, demands against the testators and intestates, which belonged to the defendant at the time of their death, may be set off in the same manner, as if the action had been brought by the deceased." We are

then to see, what would have been the rights of the deceased and the defendant upon the question of set-off, upon the claims now presented. " When there are mutual demands between the plaintiff and the defendant in any action, one demand may be set off against the other." Sect. 24.

By the statute of 1821, chap. 59, sect. 19, when an action is brought on a debt of the kind therein specified, the defendant may file any account, he has in set-off, and he may recover a balance, if one is found in his favor. This provision, which is substantially the same, as that contained in R. S. chap. 115, sect. 24, has had the consideration of this Court in *Banks* v. *Pike & al.* 15 Maine, 268, where an account in favor of one of the two defendants was filed in set-off. And the Court say, " The provisions of the law in respect to accounts in off-set, cannot be carried out unless the parties having cross-demands are identical. The party defendant is to recover a balance if the demand proves to be greater than that of the plaintiff, in the same manner as if he had brought an action therefor." It cannot be said, with any propriety, that the debts and demands between parties to a suit, are mutual, when that in favor of one party is against the other party, jointly with those, who are strangers to the suit, and not severally. This construction is aided by the provision in the 33d section of the same chapter, which provides, " if there are several plaintiffs, the demand set off, shall be due from them all jointly ; if there are several defendants, the demand set off, shall be due to them all jointly." If, in an action upon the judgment in the name of the deceased, the defendant's judgment against him and others could be allowed in set-off, there is no good reason why an action on a demand in favor of two persons, a claim in favor of the defendant, against the plaintiffs and another, should not be allowed in set-off ; and if there were two defendants, why a demand in favor of those and another against the plaintiff, should not be so allowed. An action upon the defendant's judgment against the plaintiff's intestate alone, if such had been brought during his life, would have failed without an amendment ac-

cording to.the statute, chap. 115, sect. 12, the judgment being joint against all the debtors therein.

In case of *Warren & al.* v. *Wells*, 1 Metc. 80, where the action was against the principal and surety, and an attempt to have an allowance in set-off of a demand in favor of the principal alone, against the plaintiff, the Court held the set-off inadmissible. They say, "the rule is founded on this consideration, that the plaintiff may have a several demand against such principal, which he could not include in his suit against both defendants, and which he reserves to meet the several defendant's demand, whenever he shall offer it." This reasoning will equally apply to a case, where a joint demand against the plaintiff and others in favor of the defendant is filed by the latter.

The defendant's counsel does not rely upon such a construction of the statute, as would allow his judgment to be set off in an action in favor of the deceased, in his lifetime; but insists, that his death has caused a severance of the claim, which was before joint; and that an action could be maintained thereon against the plaintiff as administrator, and therefore the same claim may be legally set off. The question is to be settled, by the statute as it is, upon a reasonable construction, and not as it may be thought it should be. It was manifestly the intention of the legislature to limit the operation of the statute to the demands between the parties themselves, during the lifetime of both; and that no change should be effected by the death of either, in this respect, excepting by the substitution of the executor or administrator for the deceased. It was clearly the design of the statute in relation to set-off, that there should not be a separation of demands, which were joint against the original debtors, by the death of one of them, although a severance might be the consequence of the death; and the same rule was intended to apply under the statute to a suit by or against an executor or administrator, and the one, whom he represents, excepting so far as that rule is modified by other provisions, which are foreign to the

present inquiry. The question, whether a set-off can be made or not, in an action, where an administrator is a party, is to be determined alone by the rights of those interested in the demands, before the decease of any of them.

*Exceptions sustained.*